712

their nature and merely regulated the lawful sale or possession of intoxicating liquor. See Andrews v. State, 154 Tex.Cr.R. 392, 228 S.W.2d 173; and Lenore v. State, 137 Tex.Cr.R. 417, 129 S.W.2d 657.

Under the authority of these cases, we think the last three convictions offered for the purpose of enhancing the punishment should not have been utilized therefor, the primary offense being for transporting intoxicating liquor in a dry area.

Therefore, the judgment is reversed and the cause remanded.

WOODLEY, Judge.

Upon a plea of guilty before the court, jury having been waived, appellant was convicted for driving a motor vehicle upon a public highway while intoxicated. His punishment was assessed at a fine of $50.

All proceedings appear to be regular. There being no statement of facts or bills of exception in the record, nothing is presented for review.

The judgment is affirmed.

### NORTON v. STATE.

No. 26562.

Court of Criminal Appeals of Texas.

Nov. 4, 1953.

No attorney on appeal, for appellant.

Wesley Dice, State's Atty., of Austin, for the State.